UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDI DUNCAN,

                Plaintiff,

-against-

MARKS TAXIDERMY AKA PETS FOREVER; MORGAN STANLEY BANK,

                Defendants.

24-CV-7894 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. She sues Morgan Stanley Bank of New York, New York, and Marks Taxidermy, also known as Marks Pets Forever, of Sussex, New Jersey. By order dated October 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff asserts that "Morgan Stanley breached availability of funds due to defective payment/ATM/debit cards leading to potential loss of 2nd life in the format of cryogenic preservation due to possible or probable loss of Plaintiff[']s service dog remains for cryogenic preservation[.]" (ECF 1, at 1.)[1] The unavailability of funds has "triggered the holder of the 'allegedly' frozen dog[']s remains to be thrown out onto the holder[']s (Marks Pets Forever) loading dock[] to either rot or be transported

---

[1] Plaintiff writes using all capital letters. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise noted.

to a garbage dump." (*Id.*) If this happens, it "would destroy [the dog's] bodily remains for cryogenic preservation and[/]or res[uscitation] creating a second of loss of life for her with no possibility of restoration of pet[']s life or bodily remains." (*Id.*)

Plaintiff states that the dog is "allegedl[]y located frozen" at Defendant Marks, but "there is no way for the plaintiff to know [where] the dog[']s true whereabouts are as Defendant constantly refuses to show evidence of bodily exist[e]nce via any current photographs being demanded by Plaintiff." (*Id.* at 1-2.)

Plaintiff maintains that the same Defendant[2] "has committed contractual fraud pre dating the contract before reception of the dog" and "has demanded extortion of funds not owed at the time of extorsion threat to throw the dog[']s body out on the loading dock." (*Id.* at 2.)

Plaintiff seeks $1,000,000,000 "for loss and deprivation of service dog[']s re[suscitat]ed life and rights to resuscitative life." (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

---

[2] Plaintiff here uses "same Plaintiff," but she is presumably referring to Defendant Marks.

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff does not invoke the Court's federal question jurisdiction, and her allegations do not suggest any viable claim under federal law. The Court therefore lacks federal question jurisdiction of this action.

The complaint suggests that Plaintiff may be attempting to assert state law claims for breach of contract. Plaintiff, however, does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of any state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v.*

4

*Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that she is a resident of the State of New York. She provides a New York, New York, address for Morgan Stanley Bank and a Sussex, New Jersey, address for Marks Taxidermy. Plaintiff does not state whether the addresses provided are Defendants' corporate headquarters and she does not allege their states of incorporation. Plaintiff therefore does not allege sufficient facts to demonstrate that the parties are diverse. To the extent that Plaintiff is alleging that both she and Morgan Stanley Bank are both citizens of the State of New York, the statutory requirement of complete diversity of citizenship is not satisfied.[3] The Court therefore does not have diversity jurisdiction to consider Plaintiff's claims.

Because Plaintiff has not alleged facts demonstrating that the Court has federal question jurisdiction or diversity of citizenship jurisdiction of this action, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] Although Plaintiff seeks $1 billion in damages, it is unclear from the facts presented in the complaint that she can recover more than the $75,000 jurisdictional minimum.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to file an amended complaint alleging facts demonstrating that the Court has subject matter jurisdiction of this action.

If Plaintiff seeks to invoke the Court's federal question jurisdiction, she must allege facts suggesting a viable claim under federal law. If she seeks to assert state law claims under the Court's diversity of citizenship jurisdiction, she must allege facts demonstrating that she and Defendants are citizens of different states and that her claims are worth more than the $75,000 jurisdictional minimum. Plaintiff may drop any dispensable nondiverse defendant whose presence in the case would defeat diversity of citizenship jurisdiction. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016).

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 20, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge